IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REAL TALENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> REAL TALENT CASTING, INC., <br><br> Defendant. | FILED: AUGUST 27, 2008 <br> 08CV4915 <br> JUDGE GUZMAN <br> MAGISTRATE JUDGE ASHMAN <br> Civil Action No.: <br><br> TC <br><br> TRIAL BY JURY DEMANDED |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff, Real Talent, Inc. (hereinafter "Real Talent"), for its complaint against Defendant, Real Talent Casting, Inc. (hereinafter "Real Talent Casting"), alleges as follows:

### INTRODUCTION

1. This is an action brought by Plaintiff Real Talent arising under the trademark laws of the United States. Plaintiff Real Talent seeks an injunction and damages against Defendant Real Talent Casting for infringement of Real Talent's federal and Illinois state trademark rights.

### THE PARTIES

2. Plaintiff Real Talent is an Illinois corporation having its principal place of business at 1759 North Humboldt Boulevard, Chicago, Illinois 60647.

1

3. On information and belief, Defendant Real Talent Casting is a California corporation having an address at 10119 Riverside Drive, Second Floor, Toluca Lake, California 91602.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is conferred on the Court by 28 U.S.C. §§ 1331 and 1338 for claims arising under 15 U.S.C. §§ 1114 and 1125 of the Lanham Act. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

5. Venue in this court is based upon 28 U.S.C. §§ 1391.

6. On information and belief, Defendant Real Talent Casting has entered into and conducted business in the Northern District of Illinois in matters relating to the subject in dispute.

## FACTUAL BACKGROUND

7. Plaintiff Real Talent has been using the servicemark **REAL TALENT** in connection with talent agencies since at least as early as October 26, 2004 and has been using the mark **REAL TALENT** in commerce since at least as early as December 30, 2004. More specifically, in connection with its **REAL TALENT** trademark Real Talent provides models to advertising agencies and other entities, including, but not limited to, for use in a cast of models for televised commercials.

8. On November 29, 2006, Real Talent filed United States Trademark Application Serial No. 77053197 ("the Application") for registration of the mark **REAL TALENT** for talent agencies. The Application issued as U.S. Trademark Registration No. 3,287,678 on September 4, 2007.

2

9.　U.S. Registration No. 3,287,678 is valid, subsisting, uncancelled, and unrevoked.

10.　On information and belief, Defendant is using the mark and name **REAL TALENT CASTING** in connection with an agency that casts talent for reality television shows.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

11.　Plaintiff Real Talent hereby re-alleges the allegations of Paragraphs 1-10 of this complaint as if fully set forth herein.

12.　This cause of action for trademark infringement arises under 15 U.S.C. § 1125(a).

13.　Plaintiff Real Talent's mark **REAL TALENT** is inherently distinctive. In the alternative, it has acquired secondary meaning.

14.　Defendant Real Talent Casting's mark and name **REAL TALENT CASTING**, along with the incorporated name "Real Talent Castings, Inc.," so closely resembles Plaintiff Real Talent's mark **REAL TALENT** in appearance, sound, connotation, commercial impression and meaning that Defendant's use in commerce of the mark and name **REAL TALENT CASTING** in connection with its talent casting services is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff Real Talent and/or as to the origin, sponsorship, or approval of Defendant's services by Plaintiff Real Talent. This will injure and damage Plaintiff Real Talent and the goodwill and reputation symbolized by Plaintiff Real Talent's mark **REAL TALENT**.

15. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant Real Talent Casting's infringing activities commenced, and have continued, despite Defendant Real Talent Casting's knowledge of Plaintiff Real Talent's rights in Real Talent's trademark **REAL TALENT**, and/or with Defendant Real Talent Casting's knowledge that it does not have the right to use Real Talent's trademark **REAL TALENT** in commerce.

16. By the foregoing acts and otherwise, Defendant Real Talent Casting will continue to infringe Plaintiff Real Talent's rights in Real Talent's trademark **REAL TALENT** unless restrained by this Court.

17. As a result of Defendant Real Talent Casting's trademark infringement, Plaintiff Real Talent has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT II
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)(a)

18. Plaintiff Real Talent hereby re-alleges the allegations of Paragraphs 1-17 of this complaint as if fully set forth herein.

19. Defendant Real Talent Casting's mark and name **REAL TALENT CASTING**, along with the incorporated name "Real Talent Castings, Inc.," so closely resembles Plaintiff Real Talent's registered mark **REAL TALENT** in appearance, sound, connotation, commercial impression and meaning that Defendant's use in commerce of the mark and name **REAL TALENT CASTING** in connection with its talent casting services is likely to cause confusion, mistake or deception and will injure and damage Plaintiff Real Talent and the goodwill and reputation symbolized by Plaintiff Real Talent's registered mark **REAL TALENT**.

20.　　After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant Real Talent Casting's infringing activities commenced, and have continued, despite Defendant Real Talent Casting's knowledge of Plaintiff Real Talent's rights to the registered mark **REAL TALENT**, and/or with Defendant's knowledge that Defendant does not have the right to use Plaintiff Real Talent's registered mark **REAL TALENT** in commerce.

21.　　By the foregoing acts and otherwise, Defendant Real Talent Casting will continue to infringe Plaintiff Real Talent's rights in its registered mark **REAL TALENT** unless restrained by this Court.

22.　　As a result of Defendant Real Talent Casting's trademark infringement, Plaintiff Real Talent has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT III
## STATE DECEPTIVE TRADE PRACTICES CLAIM

23.　　Plaintiff Real Talent hereby re-alleges the allegations of Paragraphs 1-22 of this complaint as if fully set forth herein.

24.　　This cause of action arises under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.

25.　　Plaintiff Real Talent's trademark **REAL TALENT** is inherently distinctive. In the alternative, it has acquired secondary meaning.

26.　　Defendant Real Talent Casting's mark and name **REAL TALENT CASTING**, along with the incorporated name "Real Talent Castings, Inc.," so closely resembles Plaintiff Real Talent's mark **REAL TALENT** in appearance, sound,

connotation, commercial impression and meaning that Defendant's use in commerce of the mark and name **REAL TALENT CASTING** in connection with its talent casting services is likely to cause consumer confusion, mistake or deception as to the affiliation, connection, or association of Defendant with Plaintiff Real Talent and/or as to the origin, sponsorship, or approval of Defendant's services by Plaintiff Real Talent, and thus will injure and damage Plaintiff Real Talent and the goodwill and reputation symbolized by Plaintiff Real Talent's mark **REAL TALENT**.

27. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant Real Talent Casting's deceptive trade practices commenced, and have continued, despite Defendant's knowledge of Plaintiff Real Talent's superior rights in Plaintiff Real Talent's trademark **REAL TALENT**.

28. By the foregoing acts and otherwise, Defendant Real Talent Casting will continue its deceptive trade practices of infringing Plaintiff Real Talent's rights in Plaintiff Real Talent's trademark **REAL TALENT** unless restrained by this Court.

29. As a result of Defendant Real Talent Casting's deceptive trade practices, Plaintiff Real Talent has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT IV
## STATE COMMON LAW TRADEMARK INFRINGEMENT

30. Plaintiff Real Talent hereby re-alleges the allegations of Paragraphs 1-29 of this complaint as if fully set forth herein.

31. This cause of action for trademark infringement arises under Illinois common law.

32. Plaintiff Real Talent's trademark **REAL TALENT** is inherently distinctive or, in the alternative, has acquired secondary meaning among relevant consumers in Illinois.

33. Defendant Real Talent Casting's mark and name **REAL TALENT CASTING**, along with the incorporated name "Real Talent Castings, Inc.," so closely resembles Plaintiff Real Talent's mark **REAL TALENT** in appearance, sound, connotation, commercial impression and meaning that Defendant's use in commerce of the mark and name **REAL TALENT CASTING** in connection with its talent casting services is likely to cause consumer confusion, mistake or deception as to the affiliation, connection, or association of Defendant with Plaintiff Real Talent and/or as to the origin, sponsorship, or approval of Defendant's services by Plaintiff Real Talent, and thus will injure and damage Plaintiff Real Talent and the goodwill and reputation symbolized by Plaintiff Real Talent's mark **REAL TALENT**.

34. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant Real Talent Casting's infringing activities commenced, and have continued, despite Defendant's knowledge of Plaintiff Real Talent's rights in and to Plaintiff Real Talent's trademark **REAL TALENT** and/or with Defendant's knowledge that Defendant does not have the right to use Plaintiff Real Talent's trademark **REAL TALENT** in commerce.

35. By the foregoing acts and otherwise, Defendant Real Talent Casting will continue to infringe Plaintiff Real Talent's rights in its distinctive trademark **REAL TALENT** unless restrained by this Court.

36. As a result of Defendant Real Talent Casting's trademark infringement, Plaintiff Real Talent has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

**WHEREFORE, Plaintiff Real Talent prays for the following relief:**

1. A finding that Defendant Real Talent Casting has infringed Plaintiff Real Talent's trademark **REAL TALENT**.

2. A finding that Defendant Real Talent Casting has violated the Illinois Uniform Deceptive Trade Practices Act.

3. An injunction permanently enjoining Defendant Real Talent Casting and its directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with it, from:

   a. directly or indirectly infringing or misappropriating Plaintiff Real Talent's trademark **REAL TALENT**;

   b. continuing to advertise, promote, sell or offer to sell any products or services which infringe or misappropriate Plaintiff Real Talent's trademark **REAL TALENT**; and

   c. assisting, inducing, or aiding or abetting any other person or entity in engaging in any of the activities prohibited in subparagraphs (a) through (b) above.

4. An injunction permanently enjoining Defendant Real Talent Casting and its directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with it, from:

        a.    committing deceptive trade practices by selling its services in connection with the mark and name **REAL TALENT CASTING** and likely causing consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's services and/or as to the affiliation, connection, or association with or certification by Plaintiff Real Talent;

        b.    continuing to advertise, promote, sell or offer to sell any products or services which are likely to cause consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's services and/or as to the affiliation, connection, or association with or certification by Plaintiff Real Talent; and

        c.    assisting, inducing, or aiding or abetting any other person or entity in engaging in any of the activities prohibited in subparagraphs (a) through (b) above.

    5.    An order requiring the impounding and destruction of all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant Real Talent Casting infringing Plaintiff Real Talent's trademark **REAL TALENT** and all means of making the same.

    6.    An order requiring Defendant Real Talent Casting to file with the Court and serve on Plaintiff Real Talent, within 30 days after service of the Court's order as herein prayed, a report (or other form of proof) in writing under oath setting forth in detail the manner and form in which Defendant Real Talent Casting has complied with the Court's injunction.

    7.    A judgment entered for Plaintiff Real Talent and against Defendant Real Talent Casting, jointly and severally, for all damages sustained by Plaintiff Real Talent and/or any applicable statutory damages for Defendant's acts of trademark infringement,

misappropriation, and deceptive trade practices, including Defendant's profits, any damages sustained by Plaintiff Real Talent, costs and attorneys' fees of this action, and treble damages.

8. An accounting from Defendant Real Talent Casting for all gains, profits, and advantages derived from its acts of trademark infringement, unfair competition, deceptive trade practices, and/or other violations of the law as alleged herein.

9. An order requiring that all gains, profits, and advantages derived by Defendant Real Talent Casting from its acts of trademark infringement, unfair competition, deceptive trade practices, and/or other violations of the law as alleged herein, be deemed to be in constructive trust for the benefit of Plaintiff Real Talent.

10. An order for such other, further, and different relief as the Court deems proper under the circumstances, including punitive damages if appropriate pursuant to the evidence of record.

## JURY DEMAND

Plaintiff Real Talent hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: August 27, 2008

By: *Patrick J. Arnold Jr.*
Patrick J. Arnold Jr.
Sarah A. Kofflin
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
34th Floor
Chicago, Illinois 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100
E-Mail: parnold@mcandrews-ip.com

10

skofflin@mcandrews-ip.com

Attorneys for Plaintiff,
Real Talent, Inc.