

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REAL TALENT, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REAL TALENT CASTING, INC., ) <br> ) <br> Defendant. ) <br> ) <br> ) | Civil Action No.: 08-CV-4915 <br><br> Honorable Ronald A. Guzman |

## CONSENT JUDGMENT AS TO DEFENDANT
## REAL TALENT CASTING, INC.

Plaintiff, REAL TALENT, INC. ("Real Talent"), having duly commenced this action by filing the Complaint herein against Defendant, REAL TALENT CASTING, INC. ("Real Talent Casting"), and personal service of the Complaint on Real Talent Casting having been made, and Real Talent Casting having been represented by counsel whose name appears below, and Real Talent Casting having consented to the entry of this judgment and injunction and to each and every provision, order, and decree hereof;

It is hereby ORDERED, ADJUDGED and DECREED as follows, and the Court makes the following Findings of Fact and Conclusions of Law:

1. This Court has jurisdiction over the parties and the subject matter.

2. Venue properly lies in the District.

3. Plaintiff Real Talent is an Illinois corporation having its principal place of business at 1759 North Humboldt Boulevard, Chicago, Illinois 60647.

4. Defendant Real Talent Casting is a California corporation, with its principal place of business at 10119 1/2 Riverside Dr., Toluca Lake, CA 91602.

5. The parties have consented to this judgment in order to avoid the costs and uncertainty of litigation, but Defendant does not admit, and expressly denies, any wrongdoing or liability.

6. Plaintiff Real Talent claims that it has been using the service mark **REAL TALENT** in connection with talent agencies since at least as early as October 26, 2004 and that it has been using the mark **REAL TALENT** in commerce since at least as early as December 30, 2004. More specifically, in connection with its **REAL TALENT** trademark Real Talent provides models to advertising agencies and other entities, including, but not limited to, for use in a cast of models for televised commercials.

7. On November 29, 2006, Real Talent filed United States Trademark Application Serial No. 77/053197 ("the Application") for registration of the mark **REAL TALENT** for talent agencies. The Application issued as U.S. Trademark Registration No. 3,287,678 on September 4, 2007.

8. U.S. Registration No. 3,287,678 is valid, subsisting, uncancelled, and unrevoked.

9. Defendant Real Talent Casting is using the mark and name **REAL TALENT CASTING** in connection with an agency that casts talent for reality television shows.

10. Plaintiff asserts that Defendant Real Talent Casting's mark and name **REAL TALENT CASTING**, along with the incorporated name "Real Talent Casting, Inc.," so closely resembles Plaintiff Real Talent's mark, **REAL TALENT**, in appearance, sound, connotation, commercial impression and meaning that Defendant's use in commerce of the mark and name **REAL TALENT CASTING** in connection with

2

its talent casting services is likely to cause consumer confusion or mistake as to the affiliation, connection, or association of Defendant with Plaintiff Real Talent and/or as to the origin, sponsorship, or approval of Defendant's services by Plaintiff Real Talent.

11. Defendant Real Talent Casting, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them who receive actual notice of this Consent Judgment by personal service or otherwise, are permanently enjoined and restrained from using in interstate commerce or any commerce which can be regulated by Congress, including foreign commerce, the mark and name **REAL TALENT**.

12. Notwithstanding the provisions of Paragraph 11 above, Defendant is permitted up to and including four months from the date hereof, to phase out the use of the name and mark **REAL TALENT**, including but not limited to changing Defendant's corporate name, eliminating the mark from Defendant's website, eliminating the mark from Defendant's office signage, eliminating the mark from any other marketing or advertising materials, and destroying any remaining inventory of advertising or marketing materials containing the mark, and Defendant is permitted up to and including six months from the date hereof to refer to itself, orally and in print, as "formerly known as Real Talent Casting." Also notwithstanding the provisions of Paragraph 11 above, Defendant is permitted to maintain ownership of the domain name www.realtalentcasting.com for as long as it chooses, so long as the website, and all of its related code, corresponding with that domain name discontinues the use of the name and mark **REAL TALENT** in accordance with the first sentence of this Paragraph and the content of the website at www.realtalentcasting.com is replaced with an automatic redirection to Real Talent Casting's new website that utilizes the new name.

13. Defendant is directed to file with the Court and serve upon Plaintiff, no later than four months from the date hereof, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with Paragraph 12 of this judgment.

14. The parties agree that neither will engage in any conduct or communications designed to disparage the other.

15. Each party to this Consent Judgment shall bear its own costs and attorneys fees.

16. This Court shall retain jurisdiction over the Defendant, the settlement, and the subject matter of this Action, and jurisdiction is also expressly reserved pursuant to *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S. Ct. 1673 (1994), should it become necessary to enforce the separate Settlement Agreement between Plaintiff and Defendant.

SO ORDERED:

Dated: 2/13/09

United States District Judge

4

CONSENT OF DEFENDANT

Defendant, Real Talent Casting, Inc. consents to the entry of the foregoing judgment and decree, and waives all rights to appeal.

Real Talent Casting, Inc.

Dated: 1/29, 2009

Name: Brendon Blincoe
Title: President

APPROVED:

Dated: 1-26, 2009

Floyd A. Mandell
Breighanne A. Eggert
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL 60661

Attorneys for Defendant

5

## CONSENT OF PLAINTIFF

Plaintiff, Real Talent, Inc. consents to the entry of the foregoing judgment and decree, and waives all rights to appeal.

Real Talent, Inc.

Dated: January 23, 2009

Name: Markus Giolas

Title: President

APPROVED:

Dated: January 23, 2009

Patrick J. Arnold Jr.
Sarah A. Kofflin
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street
34th Floor
Chicago, IL 60661

Attorneys for Plaintiff

6